UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

SARA PIALI,                                          :
                                                     :
                                   Plaintiff,        :        REPORT AND
                                                     :        RECOMMENDATION
           -against-                                 :
                                                     :        21-CV-815 (EK)(MMH)
FRANK J. BISIGNANO, Commissioner of the Social       :
Security Administration,[1]                           :
                                                     :
                                   Defendant.        :
                                                     x
--------------------------------------------------------------------

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Sara Piali commenced this action against the Commissioner of Social Security,

alleging that Defendant erroneously denied her application for Social Security Disability

benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq*.  (*See generally* Compl., ECF

No. 1.)[2]   The Court granted the parties' stipulation to remand to the Social Security

Administration ("the SSA") for further proceedings, and Plaintiff eventually was awarded

disability benefits.  Before the Court is Plaintiff's counsel Lewis B. Insler's motion for attorney

fees, pursuant to 42 U.S.C. § 406(b).  (Insler's Mot., ECF No. 19.)  Defendant neither supports

nor opposes Insler's motion.  (Def.'s Resp., ECF No. 23.)  The Honorable Eric Komitee

---

[1] Frank J. Bisignano became Commissioner of Social Security on May 7, 2025 and is automatically substituted for Andrew Saul, the Commissioner in office at the time this suit was filed.  *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

[2] All citations to documents filed on ECF refer to the ECF document number and pagination in the ECF header, except that citations to the Certified Administrative Record ("R.") at ECF No. 11 refer to the stamped page number on the bottom right corner of the document.

referred the motion for report and recommendation.  For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

## I.     BACKGROUND

### A.     Procedural History

As alleged in the Complaint, Plaintiff has been disabled since February 14, 2014.  (*See* Compl., ECF No. 1 ¶ 4.)  Plaintiff filed an application for Social Security Disability benefits, which an administrative law judge ("ALJ") denied on April 2, 2020.  (R. at 10–26.)  Plaintiff timely requested review of the ALJ's decision with the Appeals Council of the SSA.  (R. at 170–173.)  On January 5, 2021, the Appeals Council denied Plaintiff's request.  (R. at 1–6.)

On January 27, 2021, Plaintiff retained Insler to represent her in federal court to appeal the denial of benefits.  (Insler's Pet. Ex. 1, ECF No. 20-1 ("Retainer Agt.").)  The retainer agreement provided that if the litigation was successful and Plaintiff was awarded past-due benefits, Insler would seek approval for fees up to 25% of the past-due benefits, although his right to request fees is secondary to that of Crysti Farra, Plaintiff's counsel before the SSA.  (*Id*. ¶¶ 1–2.)  The retainer agreement also stated that Plaintiff assigned her interest in any fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), to Insler for representing her in federal court.  (*Id.* ¶ 3.)  However, Plaintiff and Insler agreed that the combined fees for any representation in federal court (for Insler) or before the SSA (for Farra) would not exceed 25% of Plaintiff's retroactive benefits.  (*Id.* ¶ 2.)

Plaintiff initiated this lawsuit on February 14, 2021, alleging that the ALJ's April 2, 2020 decision, affirmed by the Appeals Council, was erroneous, unsupported by substantial

2

evidence, and contained errors of law.  (Compl., ECF No. 1 ¶ 4.)[3]  On August 18, 2021, the

parties jointly moved to remand the Commissioner's final decision for further consideration.

(ECF No. 13.)  The Court granted the motion on August 19, 2021, and the Clerk entered

judgment reversing and remanding on August 20, 2021, pursuant to 42 U.S.C. § 405(g).[4]  (ECF

Nos. 14–15.)  On remand the Commissioner found Plaintiff disabled and therefore eligible for

benefits.  (Insler's Pet., ECF No. 20 ¶ 4; *see also id.* Ex. 2, ECF No. 20-2.)

### B.    Attorneys' Fees

On October 1, 2021, the Court granted the parties' stipulated request to award Plaintiff

$1,124.48 in attorneys' fees and expenses and $402.00 in costs pursuant to the EAJA.  (Oct.

1, 2021 Order, ECF No. 18.)  The Court further ordered that those attorneys' fees should be

paid directly to Insler "if Plaintiff has agreed to assign her rights to EAJA fees to her attorney,

and provided that Plaintiff owes no debt that is subject to offset under the Treasury Offset

Program."[5]  (*Id.*)

In a Notice of Award dated March 21, 2024 (the "NOA"), the SSA informed Plaintiff

that she was entitled to $115,623.00 in past-due benefits from November 2017 through January

---

[3] The Complaint alleges that the ALJ's decision was issued on April **20**, 2020. (Compl, ECF No. 1 ¶ 2.)  However, the ALJ decision is dated April **2**, 2020.  (R. at 10.)

[4] *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

[5] *See* 31 U.S.C. § 3716(c)(3); 31 C.F.R. § 285.4.

2024. (Insler's Pet. Ex. 2, ECF No. 20-2 at 3.) The NOA also stated that the SSA had withheld $28,905.75 in past-due benefits to pay Plaintiff's representative. (*Id.* at 4.)

On April 1, 2024, Insler filed the instant motion requesting $5,750.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b). (*See* Insler's Mot., ECF No. 19.) Defendant responded to the motion on April 11, 2024. (Def.'s Resp., ECF No. 23.) Judge Komitee referred the motion for report and recommendation. (June 30, 2025 Order.)

## II.   DISCUSSION

### A.   Legal Standards

"[Section 406(b) of the Social Security Act] authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A) and citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Procedurally, "[m]otions for attorneys' fees under [Section 406(b)] must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure." *Miller v. Comm'r of Soc. Sec.*, No. 20-CV-5214 (PKC), 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing *Sinkler*, 932 F.3d at 91). "Where . . . a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-

4

day filing period is tolled until the claimant receives notice of the amount of any benefits award." *Sinkler*, 932 F.3d at 85.

Substantively, when reviewing Section 406(b) attorneys' fees applications for claimants who retained counsel pursuant to a contingency agreement, courts determine: (1) whether the requested amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d at 372. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Instead, in evaluating whether "a relatively high hourly rate" is a windfall "in the context of any given case," courts should assess: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Further, "the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-CV-4709 (CM)(SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (quoting *Gisbrecht*, 535 U.S. at 794–96), *R. & R. adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019); *see also* 28 U.S.C. § 2412. "Fee awards may

be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## B.      Timeliness

As a threshold matter, the Court finds that Insler's motion is timely. "Once counsel receives notice of the benefits award—and, therefore, the maximum [attorneys'] fees that may be claimed—there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period to a § 406(b) filing[.]" *Sinkler*, 932 F.3d at 88. The NOA informing Plaintiff of her past-due benefits is dated March 21, 2024, and Insler received the NOA on March 26, 2024. (Insler's Pet., ECF No. 20 ¶ 4; *id.* Ex. 2, ECF No. 20–2 at 1.) Defendant does not dispute the motion's timeliness. (*See generally* Def.'s Resp., ECF No. 23.) Because Insler filed the motion on April 1, 2024, less than 14 days after receiving the NOA, the motion is timely.

## C.      Reasonableness

After carefully reviewing the contingency fee provision of Insler's retainer agreement and the *Fields* factors, the Court finds that the requested attorneys' fees award is reasonable.

### 1.      Contingency Fee & Hourly Rate

Insler seeks $5,750.00 in attorneys' fees pursuant to Section 406(b) for services rendered in connection with this federal action. (Insler's Mem., ECF No. 21 at 6.) Insler avers that upon receipt of the attorney fees, he will refund Plaintiff $1,124.48, the previously awarded EAJA fees. (*Id.* at 2.) Defendant does not oppose or support the requested Section

6

406(b) fees and defers to the Court to determine whether they are reasonable.  (Def.'s Resp., ECF No. 23 at 2.)

The requested contingent fees are reasonable.  Insler seeks approximately 5% of Plaintiff's $115,623.00 past-due benefits awarded in March 2024, significantly less than the 25% statutory cap and the 25% contingency fee in the retainer agreement.  (Insler's Mem., ECF No. 21 at 3, 7.)[6]  By "voluntarily seek[ing] a smaller award, a finding of reasonableness is strengthened."  *Casiano v. Kijakazi*, No. 19-CV-9732 (JGK), 2023 WL 3760941, at *2 (S.D.N.Y. June 1, 2023); *see also Gugliucciello v. Kijakazi*, No. 23-CV-4251 (VR), 2024 WL 5078286, at *2 (S.D.N.Y. Dec. 11, 2024) (noting that Insler's "requested fee of 4.9% is significantly lower than the 25% cap").  Further, nothing in the record indicates any fraud or overreaching in Insler and Plaintiff agreeing to a contingency fee arrangement.

Additionally, Insler's *de facto* hourly rate is reasonable.  Insler seeks payment for 7.75 hours of work, resulting in an hourly rate of $741.93 (*i.e.*, $5,750.00 / 7.75).  (*See* Insler's Pet. Ex. 3, ECF No. 20-3 (attorney time records).)  Courts have previously found comparable or greater hourly rates to be reasonable for similar, or even less, work on plaintiffs' appeals of SSA decisions.  *See e.g.*, *Brown v. Comm'r of Soc. Sec. Admin.*, No. 23-CV-3358 (PK), 2025 WL 1207660, at *3 (E.D.N.Y. Apr. 25, 2025) (finding hourly rate of $2,000.00 for 2.9 hours reasonable); *Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (awarding hourly rate of $2,458.56 for 3.4 hours of work); *Mannouris v. Comm'r of Soc. Sec.*, No. 20-CV-9790 (AT)(BCM), 2023 WL 9118792, at *3

---

[6] Notably, Insler seeks less than Farra, Plaintiff's administrative counsel, who intends to request $6,800.00.  (Insler's Pet., ECF No. 20 ¶ 5.)

(S.D.N.Y. Dec. 22, 2023) (finding hourly rate of $1,918.00 for 7.3 hours of work reasonable), *R.& R. adopted by* 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024).  The Court thus finds that the requested fees are reasonable based on the contingency arrangement.

### 2.    Windfall

Although it is a closer call, the Court also finds that, on balance, the requested award does not provide a windfall to counsel.  First, regarding "the ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, Insler has limited his practice exclusively to Social Security matters in federal court for nearly a decade and has handled over 300 such cases in his career. (Insler's Pet., ECF No. 20 ¶ 10.)  "Insler is thus an experienced practitioner in the area of social security law." *Antonelli v. Colvin*, No. 22-CV-4449 (VF), 2024 WL 5244869, at *4 (S.D.N.Y. Dec. 30, 2024); *see also Minard v. Kijakazi*, No. 20-CV-3730 (GBD)(KNF), 2023 WL 7220055, at *2 (S.D.N.Y. Nov. 2, 2023) (noting Insler's extensive experience in Social Security matters).  Moreover, 7.75 hours was a reasonable amount of time to spend on this matter: less than one month after Defendant filed the Certified Administrative Record (consisting of 1,509 pages), Insler efficiently analyzed Plaintiff's medical impairments and challenged the ALJ's rationale, and Defendant agreed to remand.  (*See generally* ECF No. 11; Insler's Mem., ECF No. 21 at 6–7; *see* Aug. 19, 2021 Order.)  However, "[w]hen counsel represent Social Security disability plaintiffs on a contingency basis, and the federal action resolves successfully with minimal efforts, the potential for a windfall is substantially higher." *Giorgio v. Comm'r of Soc. Sec.*, No. 21-CV-736 (EK)(MMH), 2025 WL 504537, at *3 (E.D.N.Y. Feb. 15, 2025) (citing *Fields*, 24 F.4th at 856), *R. & R. adopted by* 2025 WL 753867

(E.D.N.Y. Mar. 10, 2025).   Therefore, the first Fields factor could support a downward adjustment.

That said, the remaining *Fields* factors do not require a reduction in Insler's requested fees.  As to the second factor, the nature and length of Insler's attorney-client relationship with Plaintiff, Insler has represented Plaintiff since January 2021 solely as her advocate in federal court.  (Retainer Agt., ECF No. 20-1 at 1.)  This short period is reflected in the proportionately smaller percentage of Plaintiff's past-due benefits that Insler seeks (only 5% instead of the 25% cap).  *See Gugliucciello*, 2024 WL 5078286, at *2 (granting Insler attorneys' fees for 12.65 hours of work).  This factor therefore does not warrant any downward adjustment of Insler's fees.

Third, Plaintiff's satisfaction with her disability benefits award supports the requested attorneys' fees.  "'Although there is no submission from Plaintiff supporting or opposing [Insler's] request for fees, Plaintiff received a very favorable result from this action; she was awarded benefits for the entirety of her alleged disability period.'"  *Villanueva v. Acting Comm'r of Soc. Sec.*, No. 21-CV-4945 (LDH)(MMH), 2024 WL 4965734, at *5 (E.D.N.Y. Dec. 2, 2024) (quoting *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023)), *adopted by* Order Adopting R. & R., *Villanueva v. Acting Comm'r of Soc. Sec.*, No. 21-CV-4945 (LDH)(MMH), (E.D.N.Y. Jan. 14, 2025). "Because these results are consistent with the relief Plaintiff sought by retaining [Insler,] the Court safely presumes Plaintiff is satisfied with [Insler's] representation," and no reduction is required.  *Giorgio*, 2025 WL 504537, at *4.

Finally, while the uncertainty regarding this action's success was not substantial, "'[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is

9

inevitably uncertain, and any reasonable fee award must take account of that risk.'" *Fields*, 24 F.4th at 855–56 (quoting *Wells v. Sullivan*, 907 F.2d at 371). Although counsel succeeded quickly—the parties filed a joint motion to remand only seven months after Plaintiff filed the Complaint—this case was not less risky than other similar SSA cases. Plaintiff retained Insler more than four years ago and at that time, "there was no guarantee that he would be paid for his work," despite reviewing extensive medical records and other documents in the record. *Brockington v. Comm'r of Soc. Sec.*, No. 21-CV-2178 (LGS)(VF), 2024 WL 3639219, at *4 (S.D.N.Y. June 28, 2024), *R. &. R. adopted by* 2024 WL 3639192 (S.D.N.Y. Aug. 2, 2024). Therefore, the fourth factor also does not warrant a downward adjustment.

For these reasons, the Court respectfully recommends that Insler should be awarded attorneys' fees in the amount of $5,750.00 pursuant to Section 406(b).[7]

### D.    EAJA Attorneys' Fee Award

"Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [plaintiff's counsel] to return the lesser of either that amount or the EAJA award

---

[7] Defendant requests that the Court specifically order that any authorized Section 406(b) fees should be paid out of Plaintiff's past-due benefits, rather than directing Defendant to "pay" the award. (Def.'s Resp., ECF No. 23 at 2.) Section 406 allows the Commissioner to withhold up to 25% of past-due benefits to create a fund for the express purpose of "fix[ing] . . . a reasonable fee to compensate such attorney for the services performed." *Mehlrose v. Comm'r of Soc. Sec.*, No. 20-CV-3406 (WFK)(LGD), 2024 WL 698729, at *5 (E.D.N.Y. Feb. 15, 2024) (quoting 42 U.S.C. § 406(a)(1)), *R. & R. adopted by* 2024 WL 990122 (E.D.N.Y. Mar. 7, 2024). However, "the record does not contain any reason to believe that the pool from which counsel's fee would be paid is so depleted that there is any real risk of non-payment." *Rivera v. Saul*, No. 20-CV-7215 (CS), 2024 WL 4986967, at *4 (S.D.N.Y. Dec. 5, 2024). The SSA already withheld 25% of Plaintiff's past-due benefits for her counsel (*see* Insler's Pet. Ex. 2, ECF No. 20-2 at 4) ("We withheld $28,905.75 from your past due benefits in case we need to pay your representative."), and it is unlikely that the SSA is unable to pay the fees to Insler or Farra, especially because each seeks fees far less than the withheld amount. For these reasons, the Court respectfully recommends that the order granting the attorneys' fees should direct that the fees must be paid out of Plaintiff's withheld past-due benefits.

10

to his clients." *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988). "[A]n EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (cleaned up). Pursuant to the retainer agreement, Plaintiff agreed to "assign any and all attorney's fees and expenses awarded by the Court in [this] action under the Equal Access to Justice Act to [Insler]." (Retainer Agt., ECF No. 20-1 at 1 ¶ 3.) The parties agree that Plaintiff should receive $1,124.48 for the EAJA fees. (Insler's Mem., ECF No. 21 at 2; Def.'s Resp., ECF No. 23 at 3.) As noted with respect to the Section 406(b) fees, nothing in the record suggests that Plaintiff owes any debt that is subject to offset under the Treasury Offset Program. Accordingly, the Court respectfully recommends that Insler should refund Plaintiff the EAJA fees in the amount of $1,124.48 upon receipt of his Section 406(b) attorneys' fees award.

## III.    **CONCLUSION**

For the reasons set forth above, the Court respectfully recommends that: (1) Plaintiff's counsel Lewis B. Insler's motion for attorney fees should be **granted**, (2) Insler should be awarded **$5,750.00** in attorneys' fees pursuant to 42 U.S.C § 406(b), paid from Plaintiff's past-due benefits, and (3) within seven days of receipt of the Section 406(b) attorneys' fees, Insler should refund to Plaintiff $1,124.48 for the attorneys' fees he was awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A copy of this Report and Recommendation is being served on the parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Komitee. If a party fails

to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 23, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

12